IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| FREDERICK WILBURN, § <br> Previous TDCJ Identification No. 2194253, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FNU IRONS and the TEXAS § <br> DEPARTMENT OF CRIMINAL JUSTICE, § <br> *et al.*, § <br> § <br> Defendants. § | Civil Action No. 1:18-CV-00196-BU <br><br> Consolidated With: <br> Civil Action No. 1:19-CV-00015-BL |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Frederick Wilburn, proceeding *pro se*, filed this civil rights action on November 26, 2018. Dkt. No. 2. Pursuant to Special Order 3-326, this civil action was reassigned to the undersigned on October 1, 2019.[1] Dkt. No. 45. Based on the record now before the Court, and for the reasons stated below, the District Court should *sua sponte* dismiss without prejudice Wilburn's consolidated actions pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

**I. FACTUAL AND PROCEDURAL HISTORY**

Wilburn filed the instant civil action under 42 U.S.C. § 1983, alleging that the Texas Department of Criminal Justice (TDCJ) and several individual TDCJ employees at the John Middleton Unit violated his civil rights. Dkt. No. 2. The Court granted Wilburn leave to proceed *in forma pauperis*, which subjected Wilburn's complaint to preliminary judicial screening measures under 28 U.S.C. §§ 1915. *See* Dkt. No. 11. The Court then transferred this action to

---

[1] With the reassignment of this case, the magistrate judge designation has changed from BL to BU.

United States Magistrate Judge E. Scott Frost for further proceedings. Dkt. No. 12. Wilburn subsequently filed an amended complaint (Dkt. No. 8), as well as a response to the Court's screening questionnaire seeking to further develop Wilburn's claims. *See* Dkt. No. 22. While the preliminary judicial screening process remained pending, Wilburn filed a new but substantially similar lawsuit in which he provided more factual detail for his claims and named additional TDCJ defendants. *See* Civil Action No. 1:19-CV-00015-BL; *see also* Dkt. No. 26.

Ultimately, the Court consolidated Civil Action No. 1:19-CV-00015-BL with the above captioned civil action and found that Wilburn had pleaded at least three claims sufficient to survive screening, and thus service was directed. Dkt. No. 25. The Attorney General of Texas filed an answer on behalf of the TDCJ and all of the individually named Defendants. Dkt. Nos. 33, 37, 39. On March 21, 2019, Wilburn filed a motion for leave to file an amended complaint (Dkt. No. 29), as well as two more motions for leave to file an amended complaint on April 2 and April 8, 2019. Dkt. Nos. 31 and 32, respectively. Wilburn later informed the Court in a September 2019 letter that he would be released from TDCJ custody on October 4, 2019, and provided the Court with a future address by which to contact him. Dkt. No. 44.

The Court, by order entered on December 11, 2019, granted Wilburn's March 21 Motion for Leave to File an Amended Complaint (Dkt. No. 29), while denying several other pending motions seeking the same, and instructed Wilburn to file a Second Amended Complaint. *See* Dkt. No. 48. Five days later on December 16, 2019, while apparently being held in the Dallas County Jail, Wilburn filed another motion for leave to file an amended complaint seeking to bring additional claims against the named Defendants based on unrelated events surrounding his arrest in Richardson, Texas, which occurred on the day of his release from TDCJ custody. *See* Dkt. No.

50. Before the Court could rule on this motion, however, mail sent to Wilburn by the Court was returned as undeliverable on three separate occasions. *See* Dkt. Nos. 52, 54, and 55.

## II.  DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Generally, such dismissal is without prejudice. However, when a plaintiff may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

In that instance, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. *Id.* When applying this higher standard, the court must find at least one of three aggravating factors: " '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual  prejudice to the defendant; or (3) delay caused by intentional conduct.' " *Id*. (citation omitted); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

3

The record of delay is clear in this case. It has now been nearly four months since Wilburn's last filing with the Court on December 16, 2019. In the intervening months since that time, mail sent to Wilburn by the Court has been returned on three separate occasions, most recently from Dallas County Jail on March 20, 2020, stating that Wilburn was no longer in custody at the jail. Dkt. No. 55. Wilburn is proceeding as a *pro se* plaintiff, and any delay in Wilburn's prosecution of this case is attributable only to Wilburn himself. While Wilburn's delay may not be intentional, because the Court has no way to contact Wilburn without a proper mailing address, the imposition of lesser sanctions would not prompt the diligent prosecution of this case. To the extent that Wilburn may be time-barred from reasserting his claims, the undersigned finds that Wilburn's complaint should be dismissed even when applying a higher standard of review.

Moreover, Wilburn's failure to supplement his address contravenes instructions provided in the Court's order granting Wilburn leave to proceed *in forma pauperis*. In that order, the Court required Wilburn to "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk." *See* Dkt. No. 11 at 2, § 8. "Failure to file such notice," the Court warned, "may result in this case being dismissed for want of prosecution." *Id.* In the past, Wilburn complied with the Court's previous order and updated his address with the Court on at least four separate occasions. *See* Dkt. Nos. 18, 20, 44, and 51. However, past compliance does not relieve Wilburn of this ongoing duty to supplement any change of address. The Court is not required to delay the disposition of this case until such time as Wilburn updates his mailing address and complies with the Court's previous order. *See, e.g.*, *Wigington v. Dallas County*, *et al*., Civil Action No. 3:06-CV-0991-B (N.D. Tex. Sep. 13, 2007) (the district court *sua sponte* dismissed a civil action for want of prosecution when the plaintiff, who was proceeding *pro se* and *in forma pauperis*, failed to update his address after service was directed and defendants answered).

### III.  CONCLUSION AND RECOMMENDATION

For the reasons stated above, the undersigned recommends that Wilburn's consolidated actions be dismissed by the District Court *sua sponte* and without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Wilburn's failure to prosecute and failure to obey an order of this Court, and that all pending motions be denied as moot.  If, however, within 14 days of the date of this recommendation, Wilburn contacts the District Court, the District Court should refer the case back to the undersigned for further proceedings.

IT IS ORDERED that this case is TRANSFERRED to the docket of Senior United States District Judge Sam R. Cummings.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 15th day of April, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE